UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHAWN HUBER,

        Plaintiff,

   v.

DAVE PRATT ENTERPRISES, LLC;
DAVE PRATT, individually; and
DOES 1-100,

        Defendants.

NO. CIV. S-07-01089 FCD/CMK

MEMORANDUM AND ORDER

----oo0oo----

    This matter comes before the court on defendants Dave Pratt
Enterprises, LLC and Dave Pratt's ("Pratt") (collectively
"defendants") motion to dismiss for lack of personal jurisdiction
and improper venue, or to transfer venue in the interest of
justice.  Plaintiff Shawn Huber ("Huber") opposes the motion,
asserting that this court has both general and specific
jurisdiction over defendants and that this is a proper forum for

///

///

1   litigation.   For the reasons set forth below,[1] defendants' motion

2   to dismiss for lack of personal jurisdiction is GRANTED.

3                              **BACKGROUND**

4        Defendant Dave Pratt is currently a resident of Tucson,

5   Arizona, and is the managing member of Dave Pratt Enterprises,

6   LLC ("Enterprises").   (Decl. of Dave Pratt in Supp. of Mot. to

7   Dismiss ("Pratt Decl."), filed June 14, 2007, ¶¶ 2, 4).

8   Enterprises is a limited liability company organized under the

9   laws of the Sate of Arizona on July 10, 2003, and has its

10  principal and sole place of business in the State of Arizona.

11  (Id. ¶ 3).   The sole business of Enterprises is owning and

12  operating a restaurant known as Buffalo Wild Wings Grill and Bar

13  (the "Restaurant"), located in Tucson, Arizona.   (Id. ¶ 5).

14  Enterprises does not have any offices in California, does not own

15  or rent real property in California, has no operations or

16  employees in California, has not sought to provide any goods or

17  services in California, is not subject to taxation in California

18  does not advertise in California, and does not generate any

19  revenues in California.   (Id. ¶¶ 6-12).   Defendant Prat was a

20  resident of Sacramento County, California until August 15, 2003.

21  (Id. ¶ 17).   While living in California, Pratt formed and was the

22  managing member of a California limited liability company, also

23  titled Dave Pratt Enterprises, LLC.   (Id. ¶ 26).   However, Pratt

24  does not recollect that company conducting any business or having

25  ownership of any assets.   (Id. ¶ 26).

26

27        [1]   Because oral argument will not be of material
    assistance, the court orders this matter submitted on the briefs.
28  E.D. Cal. Local Rule 78-230(h).

                                   2

1    Plaintiff Shawn Huber was employed by Enterprises from July
2    2004 to July 2005 to work at the Restaurant in Tucson, Arizona.
3    (Id. ¶ 14).  In 2003, Pratt approached Huber, while both lived in
4    California, and suggested that Huber work for him at a franchise
5    of Buffalo Wild Wings Grill and Bar.  (Decl. of Shawn Huber in
6    Supp. of Opp'n to Mot. to Dismiss ("Huber Decl."), filed July 10,
7    2007, ¶ 3).  Shortly thereafter and while both Pratt and Huber
8    continued to live in California, they had various in-person and
9    telephone conversations regarding Pratt's employment proposal.
10    Pratt moved from California to Arizona in August 2003.  At
11    that time, Huber and Pratt had not reached a final agreement on
12    the terms of his employment at the Restaurant in Tucson.  (Decl.
13    of Dave Pratt in Reply to Opp'n to Mot. to Dismiss ("Pratt Reply
14    Decl."), filed July 20, 2007, ¶ 5).  They still had not reached
15    agreement on the terms of his employment when Huber moved to the
16    Tucson area in approximately January 2004.  (Id. ¶ 5).  Huber's
17    employment agreement was executed in Arizona on June 11, 2004,
18    and he began working at the Restaurant the following month.  (Id.
19    ¶ 5).  The terms of the agreement provided that upon completion
20    of six months employment at the Restaurant in Tucson, Arizona,
21    Huber would receive a 5% ownership interest in the Restaurant at
22    that location.  (Huber Decl. ¶ 9).
23    In March 2007, Huber filed a complaint in the Superior Court
24    of the State of California, County of Sacramento, alleging breach
25    of contract, fraud, general negligence, and conversion.
26    Plaintiff asserts that defendant agreed to compensate plaintiff
27    with a 5% ownership interest in the Restaurant after six months
28    and that defendant has failed and refuses and continues to fail

1  and refuse to make payments to plaintiff.  On May 31, 2007, Pratt
2  executed an Amended and Restated Articles of Organization of Dave
3  Pratt Enterprises, LLC (the "Amended Articles").  (Pratt Reply
4  Decl. ¶ 6).  A copy of the Amended Articles was filed with the
5  Arizona Corporation Commission on June 1, 2007.  (Id.)  The
6  Amended Articles reflect that Dave Pratt holds a 95% ownership
7  percentage and that Shawn Huber holds a 5% ownership percentage.
8  (Ex. A to Pratt Reply Decl.).  On June 7, 2007, defendants
9  removed the action to this court on the basis of diversity
10  jurisdiction.

**ANALYSIS**

12       Under Rule 12(b)(2) of the Federal Rules of Civil Procedure,
13  a defendant may seek dismissal of an action for lack of personal
14  jurisdiction.  "Where, as here, there is no applicable federal
15  statute governing personal jurisdiction, the law of the state in
16  which the district court sits applies."  Core-Vent Corp. v. Nobel
17  Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993) (citation omitted).
18  "California's long-arm statute allows courts to exercise personal
19  jurisdiction over defendants to the extent permitted by the Due
20  Process Clause of the United States Constitution."  Id. at 1484
21  (citation omitted).  Thus, only constitutional principles
22  constrain the jurisdiction of a federal court in California.
23  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  "Due
24  process requires that in order to subject a defendant to a
25  judgment in personam, if he be not present within the territory
26  of the forum, he have certain minimum contacts with it such that
27  the maintenance of suit does not offend traditional notions of
28  fair play and substantial justice."  Harris Rutsky & Co. Ins.

4

1 | Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th

2 | Cir. 2003) (internal quotations omitted); see Burger King v.

3 | Rudzewciz, 471 U.S. 462, 476 (1985).

4 | Once a defendant challenges jurisdiction, the burden of

5 | proof to show that jurisdiction is appropriate lies with the

6 | plaintiff.  Sher, 911 F.2d at 1361.  When a defendant's motion to

7 | dismiss is to be decided on the pleadings, affidavits, and

8 | discovery materials, the plaintiff need only make a prima facie

9 | showing that personal jurisdiction exists in order for the action

10 | to proceed.  Id.

11 | **A.   General Jurisdiction**

12 | A court may exercise either general or specific jurisdiction

13 | over a non-resident defendant.  "General jurisdiction exists when

14 | a defendant is domiciled in the forum state or his activities

15 | there are 'substantial' or 'continuous and systematic.'"

16 | Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir.

17 | 1998) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall,

18 | 466 U.S. 408, 414-416 (1984)).  When a defendant does not reside

19 | in the forum state, the contacts must be such that the

20 | "approximate physical presence in the forum state."

21 | Schwarzenegger v. Fred Martin Co., 374 F.3d 797, 801 (9th Cir.

22 | 2004) (quoting Bancroft v. Masters, 223 F.3d 1082, 1086 (9th Cir.

23 | 2000)).  "This is an exacting standard, as it should be, because

24 | a finding of general jurisdiction permits a defendant to be haled

25 | into court in the forum state to answer for any of its activities

26 | anywhere in the world."  Id. (citing Brand v. Menlove Dodge, 796

27 | F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general

28 | ///

jurisdiction was denied despite defendants' significant contacts with forum)).

Plaintiff asserts that defendants are subject to general jurisdiction in California because Dave Pratt Enterprises LLC is registered as an active business in California and because Dave Pratt is listed as the agent for service of process with an address located in Sacramento County, California.  Defendant Pratt concedes that he formed and was a managing member of a limited liability company when he was a resident in California. However, defendants present uncontroverted evidence that this California entity did not conduct any business or collect any assets.  (Pratt Decl. ¶ 26).  Moreover, defendants present undisputed evidence that the defendant entity in this suit, also called Dave Pratt Enterprises, LLC, is a wholly separate and new corporate entity, formed under Arizona law by Dave Pratt after he ceased to reside in California.  (Pratt Reply Decl. ¶ 7).  It is the Arizona entity, not the California entity, that holds the franchise license and operates the Restaurant in Tucson.  (Id.) Defendant Pratt also presents evidence that although he was previously a resident of Sacramento County, he no longer owns or rents real property in California, nor does he have any offices, telephone listings, or mailing addresses in California.  (Pratt Decl. ¶¶ 17, 18, 21).

Defendant Pratt's formation of a business entity in California while he was a resident of California, which neither conducted any business or collected any assets, is an insufficient basis for this court to assert general personal jurisdiction over him.  See Gates Learjet Corp. v. Jensen, 743

F.2d 1325, 1330-31 (9th Cir. 1984) (finding no general
jurisdiction over defendants despite several visits and purchases
in forum, solicitation of contract in forum which included choice
of law provision in favor of forum, and extensive communication
in forum).  Plaintiff has failed to set forth any basis for the
court's exercise of general jurisdiction over defendant
Enterprises, an Arizona entity which happens to have the same
name as a California entity, but seemingly no other connection to
California.  As such, plaintiff has failed to set forth a prima
facie showing that the court has general jurisdiction over either
defendant.

**B.   Specific Jurisdiction**

When general jurisdiction does not exist because a defendant
has not had sufficiently continuous and systematic contacts with
the state, the court may still determine whether the defendant
has had sufficient minimum contacts with the state as it relates
to the pending litigation against it in order to justify the
exercise of specific jurisdiction.  In determining whether a
district court can exercise specific jurisdiction over a
defendant, the Ninth Circuit has articulated the following three-
part test:

> (1)  the nonresident defendant must purposefully direct
> [its] activities or consummate some transaction
> with the forum or resident thereof; or perform
> some act by which [it] purposefully avails
> [itself] of the privilege of conducting activities
> in the forum, thereby invoking the benefits and
> protections of its laws;
>
> (2)  the claim must be one which arises out of or
> relates to the defendant's forum-related
> activities; and

1     (3)   the exercise of jurisdiction must comport with
2           fair play and substantial justice, i.e. it must be
            reasonable.
3  Core-Vent, 11 F.3d at 1485 (citation omitted).

4        All of plaintiff's claims arise out of his contractual
5  relationship with the defendants.  In such a case, the court must
6  look to "prior negotiations and future consequences, along with
7  the terms of the contract and the parties' actual course of
8  dealing to determine if the defendant's contacts are
9  "*substantial*" and not merely "random, fortuitous or attenuated."
10 Sher, 911 F.2d at 1362 (quoting Burger King, 471 U.S. at 478)
11 (emphasis in original).

12       Plaintiff argues that defendants purposely directed
13 activities at California by inducing a California resident to
14 enter a contract that is the subject of this litigation.  The
15 purposeful availment prong requires a "qualitative evaluation of
16 the defendant's contact with the forum state in order to
17 determine whether the defendant's conduct and connection with the
18 forum state are such that he should reasonably anticipate being
19 haled into court there."  Harris, 328 F.3d at 1130 (citing World-
20 Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Lake
21 v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)) (internal
22 quotations omitted).  "The purposeful availment requirement is
23 met if the defendant 'performed some type of affirmative conduct
24 which allows or promotes the transaction of business within the
25 forum state.'"  Id. (quoting Sher, 911 F.2d at 1362).

26       It is undisputed that defendant sought to employ plaintiff,
27 a California resident, at the Restaurant in Tucson, Arizona.  At
28 least some discussions and negotiations took place while both

8

plaintiff and defendant were residents in California and while defendant Pratt was a resident of Arizona and plaintiff continued to reside in California.  However, these contacts, by themselves, do not establish purposeful availment or demonstrate a "substantial connection" with California.  <u>See</u> <u>Sher</u>, 911 F.2d at 1362 (finding that an out of state law firm representing a California client in a criminal proceeding in Florida did not create a "substantial connection" with California through payment from a California bank, phone calls to the client in California, and letters to California).  Nor does defendants' alleged communications with plaintiff constitute the promotion of business within California; rather, defendants sought to promote business within Arizona.  <u>See</u> <u>id.</u>  Moreover, the written contract at issue in this litigation was executed in Arizona on June 11, 2004, and notarized by a Pima County, Arizona notary public. (Pratt Reply Decl. ¶ 5; Ex B. to Decl. of Stephen E. Paffrath in Supp. of Mot. to Dismiss ("Paffrath Decl."), filed June 14, 2007).  In sum, defendants' communications with plaintiff regarding plaintiff's employment in Arizona, which required plaintiff to reside in Arizona, for an entity doing business solely in Arizona does not constitute a "substantial connection" with California for jurisdictional purposes.

Furthermore, the court's exercise of jurisdiction over defendants in this action would not comport with notions of "fair play and substantial justice."  <u>Burger King</u>, 471 U.S. at 476 (citation omitted).  In determining whether the exercise of specific jurisdiction is reasonable, the court must weigh the following seven factors:

(1)   the extent of the defendant['s] purposeful
      interjection into the forum state's affairs;
(2)   the burden on the defendant of defending in the
      forum;
(3)   the extent of conflict with the sovereignty of the
      defendant['s] state;
(4)   the forum state's interest in adjudicating the
      dispute;
(5)   the most efficient [forum for] judicial resolution
      of the controversy;
(6)   the importance of the forum to the plaintiff's
      interest in convenient and effective relief; and,
(7)   the existence of an alternative forum.

Core-Vent, 11 F.3d at 1487-88 (citation omitted).[2]

        In this case, as set forth above, defendants' interjection
in California is relatively insignificant.  At most, the parties
engaged in early employment contract negotiations[3] while both
live in California and subsequently, when defendants resided in
Arizona and plaintiff resided in California.[4]  However, the
contract was executed and notarized in Arizona.  Plaintiff moved
to and resided in Arizona for the performance of the contract.
The entity that employed plaintiff was an Arizona corporation
with no demonstrable link to California.  As such, defendants did
not seek to inject themselves into California's affairs.

        The uncontroverted evidence also demonstrates that neither
defendant has offices or employees located in California, and

_____

        [2]   Neither of the parties raise any argument with regard
to sovereignty of the defendant's state.  Plaintiff also fails to
address the importance of a California forum to his interest in
convenient and effective relief.

        [3]   Defendant moved to Arizona in August 2003.  Plaintiff's
employment contract was not executed until June 2004.

        [4]   Defendants present evidence that plaintiff moved to
Arizona in January 2004, while the contract was not memorialized
until June 2004 and plaintiff's employment did not begin until
July 2004.  As such, it would appear that negotiations continued
while both plaintiff and defendant were present in Arizona.

thus, the burden of defending a suit in California will be high. Moreover, based upon the parties' representations, California does not have a policy interest in adjudicating the dispute. The contract at issue in this case was formally executed in Arizona and performed in Arizona. Defendants subsequently filed Amended Articles with the Arizona Corporate Commission, giving plaintiff a 5% ownership interest in defendant Enterprises. As such, this dispute more clearly implicates Arizona's interests.

Furthermore, neither party disputes that there exists an alternative forum in either the United States District Court for Arizona or an Arizona state court, which could resolve this matter. Rather, defendants present evidence that a stipulation to transfer this action to Arizona was contemplated by the parties. (Decl. of Stephen E. Paffrath in Supp. of Reply ("Paffrath Reply Decl."), filed July 20, 2007, ¶¶ 4-6; Ex. C-E to Paffrath Reply Decl.). As such, plaintiff is not prevented from litigating this dispute in a forum to which defendants are subject to jurisdiction.

For the foregoing reasons, the court finds that the exercise of jurisdiction over defendants in this forum would violate due process. Defendants have not purposely directed their activities at California or purposely availed themselves of the benefits of doing business in California. Moreover, the court's exercise of jurisdiction over defendants would not be reasonable. Therefore, defendants' motion to dismiss plaintiff's complaint for lack of

///

///

///

1  personal jurisdiction is GRANTED.[5]  The Clerk of the Court is

2  directed to close this file.

3      IT IS SO ORDERED.

4  DATED: July 25, 2007.

5

6

7                                    _____
                                     FRANK C. DAMRELL, JR.
8                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27      [5]    Because the court finds that it does not have personal
   jurisdiction over defendants, it does not reach the merits of
28 defendants' motion as it relates to venue.

                                    12